FRANCIS D. CARLEY, Plaintiff, *v.* J. KENNEDY TOD and Others, Defendants.

J. R. WILLISTON & COMPANY, Third Party, Appellant; GEORGE D. PATTEN, Assignee of Judgment Creditors, J. KENNEDY TOD and Others, Respondent.

*Examination of a third party as to property of a debtor in his possession — positive proof of such possession is not required — affidavit on information and belief.*

Section 2441 of the Code of Civil Procedure does not require, in order to give the court jurisdiction to grant an order for the examination of a third party in supplementary proceedings, that proof positive shall be presented that the third party sought to be examined actually has possession of property belonging to the debtor. An affidavit, although largely on information and belief, where the sources of the information and the grounds of the belief are fully set forth, may properly be considered on such a motion.

APPEAL by J. R. Williston & Company, the third party herein, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of October, 1900, denying the motion of said third party to vacate a second order for the examination of said third party in supplementary proceedings.

*Richard F. Goldsborough* [*John J. Lordan* with him on the brief], for third party, appellant.

*Charles D. Cleveland,* for judgment creditor, respondent.

PER CURIAM:

We are of the opinion that the order appealed from should be affirmed. Section 2441 of the Code of Civil Procedure does not require, in order to give the court jurisdiction to grant an order for the examination of a third party, that proof *positive* shall be presented that the third party sought to be examined *actually* has possession of property belonging to the judgment debtor. If that fact were actually known to the judgment creditor, then there would be no necessity for the examination. All that is required, under this section, is that proof shall be presented either by affidavit or other competent written evidence " to the satisfaction of the judge * * * that any person or corporation has personal property of

the judgment debtor exceeding ten dollars in value." The proof here presented was satisfactory to the judge who granted the order, and we do not see how it could have been otherwise.

We do not think the affidavits of Patten and Martin are subject to the criticism made by appellant's counsel. It is true that the affidavit of Patten is largely on information and belief, but the sources of his information and the grounds of his belief are fully set forth, and the affidavit of Martin is not only sufficient to justify Patten in his belief that the third party has property belonging to the judgment debtor, but is sufficient proof, within section 2441, to justify the granting of an order for the examination of such third party.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

Present — Van Brunt, P. J., Rumsey, Patterson, O'Brien and McLaughlin, JJ.

Order affirmed, with ten dollars costs and disbursements.